# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

GUY WHEELOCK                                                                                             PETITIONER
Reg #17000-041

v.                                    2:18cv00077-BSM-JJV

GENE BEASLEY, Warden,
Forrest City Low                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the Chief District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the Chief District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## I. BACKGROUND

Guy Wheelock, an inmate at the Forrest City – Low Federal Correctional Institution, filed this Petition under 28 U.S.C. § 2241 on May 18, 2018. (Doc. No. 1.) Mr. Wheelock demands the Court "enter a writ forthwith ordering that these constitutional violations are corrected immediately." (Doc. No. 1 at 7.) Petitioner is challenging the prison's policy to collectively punish all inmates in a unit for contraband found in the common areas of those units. For the following reasons, I find the Petition should be DISMISSED.[1]

## II. ANALYSIS

On April 6, 2018, Deputy Captain Price sent a memorandum thru Warden Beasley to the "Inmate Population." (Doc. 1 at 8.) The memorandum states that if officials find "hard contraband" in the common area of a unit, inmates will lose privileges. (*Id.*) The "hard

---

[1] "If 'it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). To avoid summary dismissal of a § 2254 petition, a petitioner must state facts that "point to a real possibility of constitutional error" or violation of federal law. *Mayle v. Felix*, 545 at 655. This rule is applicable to § 2241 petitions through Rule 1(b) of the Rules Governing Section 2254 cases. Here, Mr. Wheelock's Petition is without merit and, based on *Mayle v. Felix*, summary dismissal is appropriate.

contraband" in question includes drugs, alcohol, weapons, tobacco, escape paraphernalia, cell phones, etc. (*Id.* at 13.) The memorandum further establishes that, for each offense, the punishment will increase. (*Id.* at 8.)

Petitioner asks the Court to issue an injunction to prevent the prison from imposing such a policy. (*Id.* at 7.) However, the denial of Petitioner's privileges fails to implicate his constitutional right to due process. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Therefore, granting habeas relief in any form would be inappropriate. *See Ware v. Morrison*, 276 F.3d. 385 (8th Cir. 2002). Inasmuch as Petitioner claims a "safety issue" and exposure to violence, his claims are wholly speculative and he fails to state any facts that he has been harmed in any way – other than the loss of privileges.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 18th day of June, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE